**NOT FOR PUBLICATION**

**FILED**
JAMES J. WALDRON, CLERK

**MARCH 19, 2009**

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: s/ Ronnie Plasner, DEPUTY

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**In Re:**

**EVANGELOS STAMOU**,

                Debtor.

**JEANNETTE HOFFMAN**,

                Plaintiff,

   v.

**EVANGELOS STAMOU,**

                Defendant.

Case No.: 07-28685 (DHS)

Adv. No.: 08-01231 (DHS)

Judge: Donald H. Steckroth, U.S.B.J.

**OPINION**

**APPEARANCES:**

Shapiro & Croland
John P. Di Iorio, Esq.
Jarrid H. Kantor, Esq.
Continental Plaza II
411 Hackensack Avenue
Hackensack, New Jersey 07601
*Counsel for Debtor/Defendant Evangelos Stamou*

Robert A. Marks, Esq.
17 Academy Street
Suite 1101
Newark, New Jersey 07102
*Counsel for Plaintiff Jeannette Hoffman*

**THE HONORABLE DONALD H. STECKROTH, BANKRUPTCY JUDGE**

Before the Court is a motion of Evangelos Stamou (hereinafter "Debtor" or "Defendant") pursuant to Federal Rule of Bankruptcy Procedure 7012(b)(6) to dismiss the adversary complaint filed by Jeanette Hoffman ("Plaintiff"). The Debtor specifically contends: (i) that the Plaintiff failed to state a claim; (ii) the Plaintiff has not alleged the requisite fiduciary duty to sustain a Section 523(a)(4) non-dischargeability claim for defalcation in a fiduciary capacity; (iii) Plaintiff's Section 523(a)(4) claim for embezzlement cannot stand as the Plaintiff has not alleged that her property is at issue; and (iv) Plaintiff has not plead facts to support a Section 727 claim for denial of discharge. The Plaintiff opposed the motion arguing that: (i) the Debtor was in fact the Plaintiff's fiduciary given their shareholder arrangement and (ii) Plaintiff's forty percent (40%) interest was the property that the Debtor allegedly embezzled. In reply, the Debtor countered: (i) a finding that the Debtor was a fiduciary sets the precedent that would expose owners of closely held corporations to increased non-dischargeability claims and (ii) the property alleged to have been embezzled belongs to the corporation, not the Plaintiff.

For the reasons stated hereafter, the Debtor's motion to dismiss is hereby granted. The Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(I) and (J). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

**Factual Background**[1]

On or about January 26, 2007, the Debtor and the Plaintiff incorporated IMEX Trading Inc. ("IMEX") in the State of New Jersey with the Debtor receiving sixty percent (60%) ownership and the Plaintiff receiving forty percent (40%). Both the Debtor and the Plaintiff invested in IMEX and the Plaintiff's husband, Herbert Hoffman, guaranteed several IMEX bank and credit card obligations. *See Bf. Of Pl., Jeanette Hoffman, in Opposition of Motion to Dismiss Complaint Pursuant to Fed. R. Bankr. P. 7012(b)(6) ("Pl. Bf.")*, at 2. The Debtor served as President and sales manager and the Plaintiff was a passive investor. *Id.*

Since the incorporation, the Debtor and his wife, Santina Stamou, possessed the check books, bank records, loan agreements, and all other books and records for IMEX. The Debtor and his wife also had possession of all company assets and inventory. From 2004 through 2006, Herbert Hoffman would periodically visit the corporate office and access the books and records. In 2007, however, review was not permitted. *See Pl. Bf.*, at 2-3.

In October 2007, the Plaintiff visited the company's office and warehouse which contained multiple boxes of inventory consisting of designer clothing. *See Pl. Bf.*, at 3. The Plaintiff submits upon information and belief that on or about November 15, 2007, the leased premises of IMEX located at 90 Burlews Court, Hackensack, New Jersey ("Hackensack Property") was vacated by the Debtor and his wife removing all inventory and assets from that location. The Debtor refused to provide the Plaintiff with access to the financials, books, and records despite demands for such.

---

[1] The motion to dismiss standard requires the Court to deem all alleged facts in the complaint to be true and draw all inferences in the light most favorable to the plaintiff, thus, unless otherwise indicated, the factual background is gleaned from the instant adversary complaint. *See Phillips v. County of Allegheny*, 515 F.3d 224, 231, 234 (3d Cir. 2008).

Thus, Plaintiff lacks the ability to determine the inventory, assets, and monies that have been removed from the Hackensack Property.  Plaintiff submits that she would institute a state court lawsuit to compel an inspection and accounting if not for the Debtor's Chapter 7 bankruptcy filing on December 20, 2007. The Plaintiff further alleges that the Debtor and his wife, who is not a party to the instant adversary proceeding, embezzled IMEX funds for their own personal benefit resulting in the insolvency of IMEX and depriving the Plaintiff of sums due and owing to her.

*Blue Tower USA v. IMEX, Evangelos Stamou, Santina Stamou, and Herbert Hoffman*, Docket No. BER-L-8068-06 was pending in Superior Court of New Jersey, Bergen County and was settled in December 2007 prior to the Petition Date.  Through this lawsuit, the Debtor received $22,500, an amount that was not disclosed in the Petition.  The Plaintiff also contends that the Debtor failed to include the assets, books, and records of IMEX on his Petition.  Additionally, the Debtor listed $4000 in income earned by his wife from IMEX on Schedule I, however, the Debtor also represented that IMEX was out of business as of November 15, 2007.  On his Schedule J, the Debtor listed rent at $2500 per month, however, the Plaintiff submits upon information and belief that the Debtor and his spouse where paying the roof expenses of $5,000 per month on their daughter's house, where they reside. The Plaintiff further alleges that the Debtor's Schedules fail to demonstrate the ability to pay $60,000 in roofing expenses based upon the Debtor's social security income and the wife's income from IMEX, a non-operational entity.

## Legal Analysis

**I.      Motion to Dismiss for Failure to State a Claim**

Federal Rule of Civil Procedure 12(b)(6) is made applicable in adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7012 and governs on a motion to dismiss. A federal court has a limited role when reviewing the sufficiency of a complaint on a motion to dismiss. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support his [or her] claims.'" *Syncsort, Inc. v. Sequential Software, Inc.*, 50 F. Supp. 2d 318, 325 (D.N.J. 1999) (quoting *Bermingham v. Sony Corp. of Am.*, 820 F. Supp. 834, 846 (D.N.J. 1992), *aff'd without opinion*, 37 F.3d 1485 (3d Cir. 1994) (other citation omitted)).

"In order to grant a 12(b)(6) motion to dismiss, the court must find that [the plaintiff] will be unable to prevail even if [he or she proves] all of the allegations in the complaint, basing its decision solely on the legal sufficiency of the complaint." *Poling v. K. Hovnanian Enters.*, 99 F. Supp. 2d 502, 507 (D.N.J. 2000) (citation omitted); *see Syncsort*, 50 F. Supp. 2d at 325 (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)) (other citations omitted)). The phrase oft-cited as part in parcel of the requirements for a complaint to survive a motion to dismiss for failure to state a claim upon which relief can be granted is whether a defendant demonstrates "'beyond a doubt that [the] plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief.'" *Griesenbeck v. Am. Tobacco Co.*, 897 F. Supp. 815, 819 (D.N.J. 1995) (quoting *Conley*, 355 U.S. at 45-46; *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980); *see Craftmatic Sec. Litig. v. Kraftsow (In re Craftmatic Sec. Litig.)*, 890 F.2d 628, 634 (3d Cir. 1989)).

*Conley*, when taken as a whole, as opposed to the certain phrase cited above, has provided the seminal framework for a Rule 12(b)(6) motion for approximately fifty years.  Recently, the United States Supreme Court took issue with certain courts' use of the quoted language, as opposed to the entirety of *Conley*, as the threshold or minimum to survive a Rule 12(b)(6) motion.  *See generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007).  The Third Circuit analyzed and adopted the *Twombly* decision in *Phillips v. County of Allegheny*.  The Third Circuit found that *Twombly* reaffirmed the pleading requirements of Federal Rule of Civil Procedure 8 requiring "only a short and plan statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the. . .claim is and the grounds upon which it rests, and that this standard does not require detailed factual allegations." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Twombly*, 127 S. Ct. at 1964) (internal quotation marks omitted).  Additionally, *Twombly* reaffirmed that on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), "the facts alleged must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Id.* (citing *Twombly*, 127 S. Ct. at 1965-65, 1969 n.8). Furthermore, The Third Circuit acknowledged that courts will continue to draw reasonable inferences in favor of the plaintiff because the Supreme Court did not address that point. *Id.*

However, in *Phillips*, the Third Circuit interpreted *Twombly* to provide two new concepts. First, the Third Circuit found that Rule 8 now obliges the plaintiff to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 231 (quoting *Twombly*, 127 S. Ct. at 1965 n.3). Moreover, "a complaint's 'factual allegations must be enough to raise a right to relief above the

speculative level.'" *Id.* at 232 (quoting *Twombly*, 127 S. Ct. at 1965 & n.3). Second, the *Twombly* decision eliminated the import of the "no set of facts" language from the *Conley* standard. Specifically, the *Twombly* Court noted:

> *Conley's* 'no set of facts' language has been questioned, criticized, and explained away long enough. . . .[T]his famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.

*Twombly*, 127 S. Ct. at 1969; *see Wanland and Assocs., Inc. v. Nortel Networks Ltd. (In re Norvergence, Inc.)*, 384 B.R. 315, 351 (Bankr. D.N.J. 2008) (citing *Twombly*).

*Twombly* has provided a "plausibility standard" for Rule 12(b)(6) motions. *Phillips*, 515 F.3d at 234. In summary, the *Twombly* decision directs courts to "look to the face of the complaint and decide whether, taking all of the allegations of fact as true and construing them in a light most favorable to the nonmovant, plaintiff has alleged 'enough facts to state a claim for relief that is *plausible* on its face.'" *In re Norvergence*, 315 B.R. at 352 (citing *Stillings v. Corr. Med. Servs.*, No. 06-4888 (RMB), 2007 U.S. Dist. LEXIS 52665, at *3 (D.N.J. July 20, 2007) (quoting *Twombly*, 127 S. Ct. At 1974)) (emphasis added). Articulated another way, "stating. . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 127 S. Ct. at 1965) (internal citations and quotation marks omitted).

**II.     Section 523(a)(4) – Fraud or Defalcation in a Fiduciary Capacity or Embezzlement**

    **A.     Fraud or Defalcation in a Fiduciary Capacity**

Exceptions to discharge are "strictly construed against creditors and liberally interpreted in favor of debtors." *Int'l Fidelity Ins. Co. v. Marques (In re Marques)*, 358 B.R. 188, 193 (Bankr. E.D. Pa. 2006). This strict construction furthers the central purpose of the Bankruptcy Code "to relieve debtors from the weight of oppressive indebtedness and provide them with a fresh start." *Id.* (citing *Ins. Co. of Am. v. Cohn (In re Cohn)*, 54 F.3d 1108, 1113 (3d Cir. 1995)). Thus, the burden of proving nondischargeability is on the party objecting to the discharge. Therefore, it is the Plaintiff who must prove all of the elements of Section 523(a)(4) by a preponderance of the evidence. *Id.* (citing *Grogan v. Garner*, 498 U.S. 279, 288-89 (1991)).

    Section 523(a)(4) provides the following:

> (a) A discharge under section 727. . .of this title does not discharge an individual from any debt. .
>> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

11 U.S.C. § 523(a)(4) (2008).  Under the "defalcation while acting in a fiduciary capacity" prong, a plaintiff must prove that:

> (1) there was a pre-existing fiduciary relationship between debtor and the creditor; (2) debtor acted in violation of that relationship; and (3) the creditor suffered an economic loss as a consequence.

*Pa. Lawyers Fund for Client Security v. Baillie (In re Baillie)*, 368 B.R 458, 469 (Bankr. W.D. Pa. 2007) (citing *Commonwealth Land Title Co. v. Blaszak (In re Blaszak)*, 397 F.3d 386, 390 (6th Cir. 2005)). The parties dispute whether a pre-existing fiduciary relationship existed between the Debtor and the Plaintiff and if so, whether the Debtor violated such relationship. The Plaintiff has averred

that an economic loss occurred since she has not received her forty percent (40%) share of the monies and inventory.

Traditionally, a fiduciary is one in a relationship of confidence, trust, and good faith. However, courts have found this definition to be too broad for the purposes of the bankruptcy laws. *See Mercedes-Benz Credit Corp. v. Carretta (In re Carretta)*, 219 B.R. 66, 69 (Bankr. D.N.J. 1998) (citation omitted). Courts have limited the definition of a fiduciary for Section 523(a)(4) purposes to situations where "[t]he fiduciary (debtor). . .hold[s] an express or technical trust on behalf of the beneficiary (creditor)." *Int'l Fidelity Ins. Co. v. Marques (In re Marques)*, 358 B.R. 188, 194 (Bankr. E.D. Pa. 2006) (citing *Harris v. Dawley (In re Dawley)*, 312 B.R. 765, 777 (Bankr. E.D. Pa. 2004)). In addition, the fiduciary relationship "must have existed prior to or independent of the particular transaction from which the debt arose. The debt must be due to the fiduciary acting in that capacity." *Id.* (citing *Pa. Manufacturers' Assoc. Ins. Co. v. Desiderio (In re Desiderio)*, 213 B.R. 99, 102-03 (Bankr. E.D. Pa. 1997)); *see In re Carretta*, 219 B.R. at 69 ("[T]he Trustee's duties must be independent of any contractual obligation between the parties and must be imposed prior to, rather than by virtue of, any claim of misappropriation." (citation omitted)). Thus, implied or constructive trusts and trusts ex maleficio do not impose fiduciary relationships within the context of Section 523(a)(4). *In re Carretta*, 219 B.R. at 69 (citation omitted).

Although the dischargeability of a debt under Section 523(a)(4) is a question of federal law, state law has bearing in determining whether an express or technical trust relationship exists. *See In re Marques*, 358 B.R. at 194 (citation omitted); *State of New Jersey v. Kaczynski (In re Kaczynski)*, 188 B.R. 770, 773 (Bankr. D.N.J. 1995) (citation omitted). An express trust requires:

"(1) a declaration of trust; (2) a clearly defined trust res; and (3) an intent to create a trust relationship." *In re Kaczynski*, 188 B.R. at 774 (citing *Windsor v. Librandi (In re Librandi)*, 183 B.R. 379, 382 (M.D. Pa. 1995)). An express trust may be created in writing, orally, or based on circumstantial evidence. *Mugno v. Casale*, No. 96-6228, 1997 U.S. Dist. LEXIS 3867, at *24-25 (E.D. Pa. 1997). A technical trust is not as clearly defined. Instead it is one that arises out of state statutory or common law. *In re Kaczynski*, 188 B.R. at 774 (citation omitted); *In re Librandi*, 183 B.R. at 383-83 (citation omitted).

In the instant motion, the Debtor argues that no express or technical trust existed as required by bankruptcy law's interpretation of fiduciary duty. Plaintiff's argument is that as a minority shareholder she is owed a fiduciary duty by the Debtor, the majority shareholder, according to the state law of New Jersey. In this regard, the Plaintiff has correctly characterized prevailing New Jersey law that a dominant shareholder is a fiduciary to both the corporation and its shareholders. *See Small v. Goldman*, 637 F. Supp. 1030, 1033 (D.N.J. 1986) (citing *Pepper v. Litton*, 308 U.S. 295, 306 (1939)); *Pomeroy v. Simon*, 17 N.J. 59, 64 (1954). However, bankruptcy law is clear that an express or technical trust relationship is required to sustain a Section 523(a)(4) defalcation in a fiduciary capacity claim. *See In re Marques*, 358 B.R. at 194 (citation omitted). "Absent such an express [or technical] trust, an action for fraud or defalcation does not arise under [Section] 523(a)(4) even if there otherwise exists a fiduciary relationship between the parties that is recognized by state law." *Chapman v. Pomainville (In re Pomainville)*, 254 B.R. 699, 704 (Bankr. S.D. Ohio, W. Div. 2000) (citing *R.E. Am., Inc. v. Garver (In re Garver)*, 116 F.3d 176, 178 (6th Cir. 1997)); *see Ginsburg v. Birenbaum (In re Birenbaum)*, 05-20640 (BM), 05-2506 (BM), 2006 Bankr.

LEXIS 1335, *19 (Bankr. W.D. Pa. July 6, 2006) ("A debtor may. . .qualify as a fiduciary under state law while not so qualifying for purposes of [Section] 523(a)(4).").

It is clear that the intention of bankruptcy courts is to narrowly construe fiduciary capacity under Section 523(a)(4) to avoid an overbroad application of the concept. *See In re Casini*, 307 B.R. 800, 818 (Bankr. D.N.J. 2004) ("[T]reating a corporate director as acting in a fiduciary capacity would expose many owners of closely held companies to claims of nondischargeability by the creditors of their failed enterprises."); *In re Carretta*, 219 B.R. at 69. New Jersey bankruptcy courts have determined that a fiduciary relationship between directors and creditors arises in a closely held corporation upon the company's insolvency, however, such fiduciary relationship does not fall within the ambit of a Section 523(a)(4) claim. *See Diaz v. Ozarowski (In re Ozarowski)*, 02-52981 (RTL), 2006 Bankr. LEXIS 3521, at *20 (Bankr. D.N.J. Dec. 12, 2006) (unpublished opinion); *In re Casini*, 307 B.R. at 818; *In re Carretta*, 219 B.R. at 75 (citing *Wolstein v. Docteroff (In re Docteroff)*, 133 F.3d 210, 217 (3d Cir. 1997)). Furthermore, the requisite fiduciary duty for Section 523(a)(4) must exist prior to the wrongdoing and may not arise due to such wrongdoing. *See In re Casini*, 307 B.R. at 817 (citing *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 333 (1934) ("[T]he [fiduciary's] duties must be independent of any contractual obligation between the parties and must be imposed prior to, rather than by virtue of, any claim of misappropriation.") Hence, implied or constructive trusts and trusts *ex maleficio* do not impose fiduciary relationships. *See id.* (citing *In re Angelle,* 610 F.2d 1335, 1339 (5th Cir. 1980)); *In re Carretta*, 219 B.R. at 69 (citation omitted).

In the case at bar, the Plaintiff argues that the actions of the Debtor and his wife resulted in the insolvency of IMEX. If that were to be the case, then a fiduciary duty would have arisen at the

point of insolvency between the Debtor and the Plaintiff. However, the required fiduciary relationship, as defined under bankruptcy law, did not exist prior to wrongdoing. Furthermore, if such actions were found to have occurred, then a constructive trust or a trust *ex maleficio* would arise, both of which do not fall within the scope of Section 523(a)(4). *See Estate of Stanford Harris v. Dawley (In re Dawley)*, 312 B.R. 765, 777 (Bankr. E.D. Pa. 2004); *In re Casini*, 307 B.R. at 817 (citing *Davis*, 293 U.S. at 333 ("It is not enough that, by the very act of wrongdoing out of which the contested debt arose, the bankrupt has become chargeable as a trustee *ex maleficio*. He must have been a trustee before the wrong and without reference thereto.")). In summary, the fiduciary duty alleged in the instant adversary complaint does not suffice to sustain an nondischargeability action under Section 523(a)(4) for defalcation in a fiduciary capacity. Even if the Plaintiff has grounds for a breach of fiduciary duty claim pursuant to the parties' roles as director/majority shareholder and minority shareholder, that does not qualify for purposes of Section 523(a)(4). *See In re Birenbaum*, 2006 Bankr. LEXIS 1335, *21.

### B.    Embezzlement

Section 523(a)(4) also includes embezzlement as a grounds for non-dischargeability. Embezzlement (and larceny) do not require a fiduciary relationship. *See Anzalone v. Dulgerian (In re Dulgerian)*, 388 B.R. 142, 150 (Bankr. E.D. Pa. 2008). Embezzlement is "the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come." *Estate of Stanford Harris v. Dawley (In re Dawley)*, 312 B.R. 765, 779 (Bankr. E.D. Pa. 2004) (citation omitted). To state a claim for embezzlement under Section 523(a)(4), a plaintiff must demonstrate:

> (1) the debtor was entrusted; (2) with property; (3) of another; (4) which the debtor appropriated for his own use; and (5) with fraudulent intent.

*In re Dulgerian*, 388 B.R. at 150 (citation omitted); *see In re Dawley*, 312 B.R. at 779 (citation omitted). "Fraudulent intent may be 'determined from the facts and circumstances surrounding the act.'" *In re Dawley*, 312 B.R. at 779 (citing *C&J Car Rental v. Purdy (In re Purdy)*, 231 B.R. 310, 312 (Bankr. E.D. Mo. 1999)).

In the instant matter, the Plaintiff clearly articulates in the adversary complaint that the property at issue was that of IMEX. Specifically, the complaint alleges in paragraph seven that "plaintiff is unable to determine. . .how much of the assets and monies of IMEX were removed. . ." and in paragraph 8 "[u]pon information and belief, Debtor. . . embezzled all of some of the sums received by IMEX. . .thereby causing IMEX to become insolvent, also depriving plaintiff of sums due plaintiff as a 40% owner of the company." Although Plaintiff alleges that she is entitled to monies and that her property was embezzled, she admits that the monies are actually those of IMEX. It is fundamental that the Plaintiff cannot maintain a cause of action for embezzlement under Section 523(a)(4) if the property belongs to the corporation and not the Plaintiff. *See In re Dulgerian*, 388 B.R. at 151 ("Because the money at issue did not belong to the Plaintiff, she cannot allege that the Debtor embezzled it from her.").

*In re Birenbaum* is particularly instructive to the facts at hand. In *Birenbaum*, the debtor and the plaintiff each held fifty percent of the shares in a closely held Florida corporation where the debtor served as director and managed day-to-day operations while the plaintiff was devoted to the full time practice of law. *See In re Birenbaum*, 2006 Bankr. LEXIS 1335, at *2. The plaintiff

14

Document    Page 15 of 16

commenced an adversary proceeding seeking a determination that the debt resulting from an underlying state court judgment be deemed non-dischargeable pursuant to Section 523(a)(4). *Id.* at *7. The derivative action brought by a shareholder pursues causes of action of the corporation with the shareholder serving as a nominal party. *Id.* at *13. Furthermore, the Plaintiff asserted the causes of action against the debtor and the corporation, even though the Court found that a close reading of the adversary complaint demonstrated that the plaintiff was seeking a determination that any debt owed to him *in his own right* was excepted from discharge, not that of the corporation. *See id.* at *23. The *Birenbaum* Court held that the property was not owned by the plaintiff and was instead that of the corporation, thus, the plaintiff had not sufficiently demonstrated how the debtor committed embezzlement with respect to the plaintiff's property.

The instant matter parallels *Birenbaum*. The Plaintiff here is also seeking the nondischargeability of a debt allegedly owed to her and not on behalf of the corporation. However, she is also averring that the property is the corporation's as discussed above. The damages here that the Plaintiff allegedly suffered appear to be those of the corporation. *See In re Pomainville*, 254 B.R. at 706. If nondischargeability actions for embezzlement given these acts were to go forward, "creditors of corporations could be prejudiced if courts were to permit a shareholder to prosecute a direct action as opposed to a derivative suit." *Id*. (citing *Ferraro v. Phillips (In re Phillips)*, 185 B.R. 121, 127-28 (Bankr. E.D.N.Y. 1995)). Furthermore, the Plaintiff's complaint does not raise facts to demonstrate the plausibility of fraudulent intent which is a requirement for a Section 523(a)(4) embezzlement cause of action. Therefore, the Plaintiff's complaint as to Section 523(a)(4) must be dismissed as neither ground alleged is sustainable.

**III.     Section 727 – Objection to Discharge**

The Debtor also moved to dismiss the Section 727 count of the complaint. The Plaintiff's complaint does not allege facts to demonstrate the plausibility of a Section 727 count. Based upon the complaint, it appears that the Plaintiff is relying upon grounds (a)(3)-(5) for destruction of or failure to preserve recorded information including books and records, for knowingly and fraudulently making a false oath or failure to satisfactorily explain any loss of assets. *See* 11 U.S.C. § 727(a)(3)-(5) (2008). However, the Plaintiff failed to respond or oppose this portion of the Debtor's motion to dismiss. Morever, the Plaintiff's only allegation is that the Debtor refused to allow access to the books and records, but that single allegation does not rise to the level of "plausibility" under the *Twombly* standard. Therefore, the second count of the Plaintiff's adversary complaint pursuant to Section 727 is also dismissed.

## Conclusion

For the foregoing reasons, the Defendant's motion to dismiss the adversary complaint is hereby granted. The adversary complaint is hereby dismissed and the adversary proceeding is hereby deemed closed. An Order in conformance with this Opinion has been entered by the Court and a copy is attached hereto.

/s/ *Donald H. Steckroth*

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Dated: March 19, 2009